UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS A. MANN,

        Plaintiff,

v.                               CASE No. 8:06-CV-1497-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.
_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

        The plaintiff, who was fifty-two years old at the time his insured status expired and who has the equivalent of a high school education, has worked as an operator at a waste water facility, and a department manager in

---

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

a Wal-Mart store and of sporting goods in a hardware store (Tr. 86, 89).  He filed a claim for Social Security disability benefits, alleging that he became disabled due to tiredness, sleeping problems and anxiety (Tr. 67).  The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  The law judge pointed out that the plaintiff was last insured for disability benefits on December 31, 2004 (Tr. 19).  He found that, at that time, the plaintiff had severe impairments of depression and anxiety (Tr. 20).  He concluded that these impairments limited the plaintiff to a restricted range of light work involving simple, routine tasks (Tr. 25).  The law judge determined that these limitations precluded the plaintiff from returning to past work.  However, based upon the testimony of a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform, such as a bench assembler, packer and housekeeper/cleaner (Tr. 26).  Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must show that he became disabled before his insured status expired on December 31, 2004, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge concluded that, by December 31, 2004, when the plaintiff's insured status expired, the plaintiff had severe impairments of depression and anxiety (Tr. 20).  However, he determined that, despite these impairments, the plaintiff retained the capacity to perform simple, routine light

work.  The plaintiff purports to challenge this determination on three grounds.
None has merit.

The plaintiff first contends that the law judge failed to articulate
good cause for discounting the opinion of his treating psychiatrist, Dr. Leo V.
Yason.  In a letter dated December 2, 2005, Dr. Yason stated that he had
changed his diagnosis of the plaintiff from "major depression, panic disorder,
and severe generalized anxiety disorder" "to bipolar disorder along with panic
disorder and generalized anxiety disorder" (Tr. 239).  The doctor opined that
the plaintiff "is not capable of gainful employment.  I believe that this patient
is totally and permanently disabled because of bipolar disorder as well as
severe anxiety disorder" (id.).

Opinions from treating physicians are entitled to substantial or
considerable weight unless there is good cause for not giving them such
weight.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).   Good
cause exists when the treating physician's opinion is not bolstered by the
evidence, when the evidence supports a contrary finding, or when the opinion
is conclusory or inconsistent with the physician's own medical records.  Lewis
v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Commissioner points out that Dr. Yason's opinion was
rendered almost a year after the plaintiff's insured status expired.  Importantly,

Dr. Yason in his letter of December 2, 2005, did not opine that the plaintiff's asserted disabled status extended back to December 31, 2004 (Tr. 239). Consequently, Dr. Yason's letter did not even constitute relevant evidence that the plaintiff was disabled before his insured status expired.

Moreover, the law judge, after correctly stating the proper standards for evaluating opinions from treating physicians, set forth in detail a reasonable basis for discounting Dr. Yason's opinion.  Thus, the law judge said (Tr. 24-25):

> Accordingly, the Administrative Law Judge notes Dr. Yason appears to have based his assessment primarily, if not solely, upon the claimant's assertions and complaints; that he failed to cite any specific occasions which establish the claimant's inability to perform activities of daily living, any specific instances describing the claimant's inability to interact with other people, or any specific occurrences utilized as an example of the claimant's poor attention or concentration; that his assessment is inconsistent with his own specific observations, as previously cited; that his assessment is not supported by reports which indicate only routine, conservative, outpatient care; that he failed to establish any explicit degree or level of limitations in any specific area of functioning; and that there is no indication that he is a vocational expert qualified to opine on occupational issues.  Consequently, the Administrative Law Judge grants little weight to Dr. Yason's assessment of the claimant's incapacity to perform any significant gainful activity.

Moreover, much of the reasoning the law judge gave for discounting the plaintiff's testimony also supports the discounting of Dr. Yason's opinion (see Tr. 23).

Significantly, the plaintiff in his memorandum makes no attempt to show that the reasons given by the law judge for discounting Dr. Yason's opinion are inaccurate or insufficient (see Doc. 11, pp. 3-4).  The lack of a challenge to the law judge's reasoning emphatically confirms that the law judge has provided good cause for discounting Dr. Yason's opinion.

The plaintiff next asserts that the law judge failed to consider the combined effect of the plaintiff's impairments (Doc. 11, p. 4).  The Commissioner asserts that the plaintiff's one-sentence argument should be disregarded for insufficient development because the plaintiff does not provide citation to the record to support his argument or indicate which impairments the law judge did not consider (Doc. 10, p. 2; Doc. 11, p. 4). Notably, the scheduling Order expressly warns the plaintiff that any argument that is not supported by citations to the record and to the governing legal standards may be disregarded (Doc. 10, p. 2).  Consequently, this contention is deemed abandoned.

In any event, the contention is patently meritless.  The law judge clearly recognized that he had to consider the combined effects of the

plaintiff's impairments (<u>see</u> Tr. 20).   <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1224-25 (11th Cir. 2002).   Moreover, the plaintiff failed to identify any impairment that was not properly evaluated, either singularly or in combination, and none is apparent.

In his final argument, the plaintiff asserts that the law judge erred in questioning the vocational expert because the hypothetical question did not include his various limitations (Doc. 11, pp. 4-5).   This argument can also be deemed abandoned as the plaintiff did not indicate which limitations should have been included (<u>see</u> Doc. 10, p. 2).

Furthermore, the law judge included in the hypothetical question the limitations he found to exist, which is all that is required. <u>Graham</u> v. <u>Bowen</u>, 790 F.2d 1572, 1576 (11th Cir. 1986).   Thus, based upon the plaintiff's moderate limitation in concentration, the law judge included in the hypothetical question a restriction to simple, routine tasks (Tr. 269). Moreover, in the question he also limited the plaintiff to work that had little responsibility in dealing with the public or with people (<u>id</u>.).   In addition, the law judge very generously restricted the plaintiff to light work even though the plaintiff's own testimony supported a greater exertional level (Tr. 260). Plainly, the hypothetical question was not deficient.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this <u>29th</u> day of August, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE